## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **DONALD BURWELL,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **DEBBIE HALL,** in her official and ) | |
| individual capacities; **L. KLAUS, JR.,** ) | |
| sued as Officer L. Klaus, Jr., in individual ) | **Case No. 03-2114** |
| capacity; **C. GLASS,** sued as Officer C. ) | |
| Glass, in individual capacity; ) | |
| **RICHIE,** sued as Officer Richie, in ) | |
| individual capacity; ) | |
| Defendants. ) | |

# O R D E R

On July 29, 2005, Plaintiff filed a Motion for Costs (#94). The motion was brought pursuant to 28 U.S.C. § 1927.[1]

The request for attorney fees centers around the filing and pursuit of Defendants' Fourth Motion In Limine (#76).

The Court has carefully considered the motion and the response. The Court is extremely familiar with the facts surrounding the filing and ultimate disposition of the motion, as well as the history of the case.

28 U.S.C. § 1927 clearly provides the Court with authority to require an attorney to pay costs, including attorney fees. The filing of the motion and pursuit of the relief requested did not

---

[1]"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  (28 U.S.C. § 1927.)

unreasonably or vexatiously multiply the proceeding. The motion **(#94)** is without merit and is accordingly **DENIED**.

ENTER this 25th day of August, 2005.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
